IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FRANCIS AKINRO | * | |
| Plaintiff, | | |
| v. | * | CIVIL ACTION NO. RDB-10-1502 |
| CIRCUIT COUR FOR BALTIMORE COUNTY | * | |
| Defendant. | * | |
| | *** | |

## MEMORANDUM

Plaintiff, a resident of Baltimore, Maryland who holds himself out as a "Professor" and Department of Justice employee, filed this 28 U.S.C. § 1332 action on June 8, 2010. His statement of facts alleges that:

> "Mrs. William Olafimihan "Iya Alake" hire Kike Adeshina to be rulling on every cases I file in any court including Circuit Court for Baltimore County to prevent from winning any case and from receiving any monetary settlement from any of my cases. Baltimore County have handed over their courts and Police Department to Mrs. Diana and her group due to this Mrs. Diana want to use this power to kill me without anybody quarry her or punishing her of the murder or genocide offense. She intentionally sue me for the purpose of her gun men to kill me in the court room and since she have the government power that nobody will be able to quarry her.
>
> She blockage me from every houses and hotels including eating food in any restaurant because of her gun men and trillions of secret military that she have that will kill the people who will question her of my killing. This is genocide in violation of 18 U.S.C. Section 50a punishable under 18 U.S.C. Section 228. Baltimore County courts violate 15 U.S.C. Section 17 Sherman Antitrust Act as provided against monopolizing interstate trade. See Gibbons v. *Ogben*, 22 U.S. 1 (1824)."[1]

Paper No. 1 at 2.

---

[1] In his attached relief request and civil cover sheet Plaintiff seemigly claims that the Administrative Law Judge in the Circuit Court for Baltimore County is suing him because Plaintiff filed cases in his court. Paper No. 1 at 3 & Civil Cover Sheet.

In his relief request, Plaintiff seeks the award of $497,000,000,000,000.00 and court order to "drop all…offenses against me." Paper No. 1 at 3. He further asks the Court to punish individuals and their conspirators. Although Plaintiff's indigency application contains information the court finds suspect, he shall be granted leave to proceed *in forma pauperis*.[2]

This Court may preliminarily review the Complaint allegations before service of process and dismiss them *sua sponte* if satisfied that the Complaint has no factual or legal basis. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Cochran v. Morris,* 73 F.3d 1310, 1314 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951 (4th Cir. 1995). As explained by the Supreme Court in *Neitzke*: "Examples of [factually baseless lawsuits] are claims describing fantastic or delusional scenarios, with which federal district judges are all too familiar." *Neitzke v. Williams*, 490 U.S. at 328.

Even when affording the *pro se* Complaint and accompanying materials a generous construction, the Court finds no basis to allow the action to go forward or to require supplementation. The Complaint allegations speak for themselves and the matter shall be summarily dismissed under 28 U.S.C. § 1915(e).[3] A separate Order follows.

Date: June 11, 2010

RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff claims that he receives $3,063.00 in monthly retirement income; has been employed by the U.S. Department of Justice since July of 2009; and has $200,000.00 accumulated at four separate banks. Paper No. 2.

[3] Since May 6, 2010, Plaintiff has filed approximately twentyfour cases in this Court, all of which have been summarily dismissed under 28 U.S.C. § 1915(e).